IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL V.G.P., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-04007-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 240-130-949 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Angel V.G.P.[1] is an immigration detainee proceeding with a petition

for writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner entered the

country without inspection at an unknown time and place.  Dkt. No. 10-1, at pg. 4.  He

was arrested and detained by U.S. Immigration and Customs Enforcement following a

targeted enforcement operation in Syracuse, New York, on April 8, 2026.  *Id.* at pg. 3.

Petitioner now invokes this court's habeas jurisdiction, contending, among other

things, that his detention is unlawful because he "has not been provided a bond hearing

before a neutral decisionmaker to determine whether his . . . detention is justified based

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

on danger or risk of flight." [2]  Dkt. No. 1, at pg. 5.  Petitioner seeks an order granting either his immediate release or a bond hearing.  *Id.* at pg. 17.  This court and many others have granted relief in cases analogous to this one.  *See, e.g.*, *Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL 1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-03634-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

In their motion to dismiss, although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b), they acknowledge that "the majority of judges in the Eastern District of California have rejected [that] argument."  Dkt. No. 10, at pg. 1.  Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED

---

[2]    Petitioner also argues that detaining him without a bond hearing violates the Due Process Clause of the Fifth Amendment.  *See* Dkt. No. 1, at pg. 16–17.  Given the relief granted by the court, any additional claims are DENIED without prejudice.

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing.[3]

Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report on or before July 6, 2026, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

//

//

//

---

[3]    In the alternative, Respondents ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 10, at pg. 2, which presents the issue of whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  The court declines to hold this case in abeyance given the nature of the relief granted, the numerous previous cases in which the court has granted bond hearings in analogous circumstances, and the unclear duration of any such stay.  *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy"); *Irons v. Sisto*, No. S-05-0912 JAM CHS P, 2009 WL 1798262, at *1 (E.D. Cal. June 24, 2009) (denying request for "indefinite and potentially lengthy" stay to await Ninth Circuit decision).

The Clerk of Court is directed to enter judgment for Petitioner and close this case.  Given the foregoing, Respondent's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED:  June 23, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04007-MWJS; *Angel V.G.P. v. Warden,* et al.; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS IN PART